# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Dante Butler

    -Plaintiff

vs.                          Case No:    2:20-CV-00842
                                    15 U.S.C. 1681 The fair Credit Reporting Act

1st Franklin Financial Corporation et al.

    -Defendant(s)

## Plaintiffs' Brief on Order to Show Cause

Now Comes the above-named Plaintiff, by his attorneys, Strouse Law Offices and Napierala Law Offices and respectfully file their Brief on the Court's order to Show Cause.

## Introduction

The Court held a status conference with counsel on 10/30/2020. The Court held in a written order that:

"The Court agreed to allow the plaintiff 14 days to amend the complaint and encouraged counsel to add supporting facts sufficient to make the claims plausible not just with respect to the moving defendants, but as to all remaining defendants, to try to avoid further unnecessary motion practice."

On 11/13/2020 the Plaintiff's counsel filed an amended complaint which included specific facts regarding the credit reporting errors which the defendants had continued

1

to report to the Credit Reporting Agencies– *paragraphs 25 A and C Plaintiff's Amended Complaint*. Plaintiff's Counsel largely relied on Judge Adelman's decision September 29, 2020 in *20-C-0837* which sustained Plaintiff's Complaint for standing and ruled against Credit One Bank's motion to dismiss *See Strouse Declaration Ex. 1-2*. When Plaintiff's counsel amended the complaint more facts were plead than were plead in *20-C-0837*, which was held to have standing. Later, this Court ordered Plaintiff to file a brief on Article III sanding on 1/20/2021. The Court set out 6 cases for the Plaintiff's counsel to review but did not limit the Plaintiff's counsel to only the cases the Court cited[1]. Plaintiff's counsel did cite two cases from the 7th Circuit to argue Article III standing and attempted to incorporate them into the 9th Circuit holding in *Spokeo* on remand, without much success[2]. The Court then ordered the Plaintiff's counsel to file a brief to show cause why Plaintiff's counsel should not be sanctioned.

## Legal Argument

**1. Plaintiff's Counsel Relied on Judge Adelman's Previous Decision in 20-CV-0837 Which Sustained Plaintiff's Complaint Against a Motion to Dismiss and Held That Duplicitous Complaint Had Standing**

"In *Szabo* Judge Easterbrook also pointed out that Rule 11 does not require "scholarly exposition or exhaustive research." *Thompson v. Duke* 940 F.2d 192, 195 (7th Cir. 1991).

---

[1] *Nettles v. Midland Funding LLC*, 983 F.3rd 896 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C..*, 982 F.3rd 1069 (7th Cir 2020); *Brunett v. Convergent Outsourcing, Inc.* 982 F.3rd 1060 (7th Cir. 2020); *Larkin v. Finance sys. Of Green Bay, Inc.* 982 F.3rd 1060; see also *Crabtree v. Experian info Sols.* 948 F.3rd 872
[2] *Meyers v. Nicolet Rest. Of DePere, LLC*, 843 F.3rd 724 (7th Cir. 2016) and *Gubala v. Time Warner Cable, Inc.* 846 F.3rd 909.

2

Plaintiff's counsel had been operating under the goof faith assumption that the FCRA cases they filed had standing. Plaintiff's counsel had previously filed a Complaint in *Veonquanette Allen v. Portfolio Recovery Associates 20-C-0837 (E.D. Wisc.).* Judge Adelman sustained the Plaintiff's Complaint in a Motion to Dismiss brought by Credit One Bank. Despite the complaint containing less facts then were plead in the Amended Complaint in this case. Judge Adelman held that Plaintiff's duplicitous complaint had standing:

"According to Credit One, the complaint contains only conclusory allegations that do not give rise to a plausible claim under the standards articulated in *Bell Atlantic Corp. v. Twoombly* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal* 556 U.S. 662 (2009). However, the allegations I described above while brief, contain the necessary factual allegations to make out a plausible claim. The plaintiff identifies the Credit One account in dispute, alleges that she initiated a dispute with the credit reporting agencies, alleges that the agencies notified Credit One of the dispute, and alleges that Credit One failed to conduct the required investigation within 30 days either intentionally or because of carelessness. These are specific factual allegations rather than legal conclusions. Moreover, if they are true, Credit One will be liable. Thus, the complaint states a claim for relief."

*Ex. 2 9/29/2020 Decision and Order by Judge Lynn Adelman; Veonquanette Allen v. Portfolio Recovery Associates 20-C-0837* (*See Strouse Decl. @ and Ex. 2*)

On 3/29/2021 this Court held that the Plaintiff has no Article III Standing under 1681n, which is a contradictory holding from that of Judge Adelman in *20-C-0837; ECF 83*.

"The fact that judges who ruled on the merits of the pleading disagree provides significant evidence that the pleading was not frivolous or unreasonable." *Indianapolis Colts v. Mayor of Baltimore* 775 F.2d 177, 182. (7th Cir. 1985)

3

Since the complaint in this case is duplicitous of *20-C-0837*, Plaintiff's counsel assumed that the duplicitous pleading, and the factual evidence plead were sufficient. The Court granted the Defendants' Motion(s) to Dismiss and this Court's 10/30/2020 order held:

"The Court agreed to allow the plaintiff 14 days to amend the complaint and encouraged counsel to add supporting facts sufficient to make the claims plausible not just with respect to the moving defendants, but as to all remaining defendants, to try to avoid further unnecessary motion practice."

Plaintiff's counsel did add additional facts into the Second Amended Complaint which specifically showed what errors the Defendants had continued reporting inaccurately:

**A. Americollect Continued Inaccurate Reporting on Account 928****** in the following ways:**

i.  Experian:          Balance            $1,366.00

**B. Optimum Outcomes Continued Inaccurate Reporting on Account A4321 in the following ways:**

i.  Experian:          Balance:        $1,070.00
                       Date Last Opened:  12/12/2019

**Enhanced Recovery Company Continued Inaccurate Reporting on Account 92881**** in the following ways:**

i.  Experian     Date Opened:     04/01/2019

**C. ERC Continued Inaccurate Reporting on Account 19406****** in the following ways:**

**i. Experian      Date Opened:        04/01/2019
           Date Last Active   02/23/2020**

- Regarding Americollect the Plaintiff's counsel added the specific credit reporting errors. Americollect inaccurately reported a high balance of $1,366.00 to Experian, which is not a stylistic difference in how credit reporting agencies provide information.

- Regarding Optimum Outcomes the Plaintiff's counsel added the specific credit reporting errors. Optimum Outcomes inaccurately reported a high balance of $1,070.00 to Experian, which is not a stylistic difference in how credit reporting agencies provide information.

- Similarly Enhanced Recovery Systems, LLC also reported the date the accounts opened inaccurately to Experian as being on 04/01/2019 and to this is not an example of a stylistic difference in credit reporting.

The Plaintiff's counsel did add new facts, based on evidence it reviewed based on its reasonable investigation of the facts *See Strouse Declaration Ex. 3-5; See Plaintiff's Amended Complaint at 25 A - C*. The FCRA Complaints which Plaintiff's counsel filed were duplicitous, that does not make the complaints baseless since plaintiff's counsel relied on a reasonable investigation of the facts before filing, *See 20-C-0837*.

On 3/29/2021 this Court stated:

"at a February 12, 2021 status conference, counsel clarified that Plaintiff's claims rest entirely on differences in how credit reporting agencies describe the status of his client's

accounts with each defendant…Counsel was unable to point to any particular information in Plaintiff's credit reports that was actually inaccurate." *20-cv-0836 Order p. 1 (ECF 83)*

Plaintiff's counsel should have chosen more specific language during oral argument, however that does not mean that the Plaintiff's Second Amended Complaint had "no specific information", *See Plaintiff's See Plaintiff's Amended Complaint at 25 A - C.*

"Rule 11 applies to written documents, whether containing statements made under oath or not, that a party or its attorneys submit to federal court. The rule does not, however apply to assertions of law or fact made orally before the court, except when a person "later advocates" orally an assertion that was first made in a written document. As a result the rule does not reach statements a party or attorney may make in arguing an oral motion. The Advisory Committee explains this distinction by noting that, in speaking to matters arising for the first time in an oral presentation to the court, "counsel may make statements that would not have been made if there had been more time for study and reflection" 1993 *Advisory Committee Notes.* Sanctions Under Rule 11, Jenner and Block Practice Series at 21; *See Also 1993 Advisory Committee Notes*

Clearly the Third Amended Complaint did set out the facts regarding the credit reporting errors. These facts were not mere assumptions made by the Plaintiff's counsel. The Plaintiff's Counsel relied on a Credit Analyzer Report, the Plaintiff's certified mailings to Equifax, Experian and TransUnion and a 3-1 Credit Report from Equifax, Experian and Transunion *See Strouse Declaration Exhibits 3-5*

**2. Plaintiff's Counsel Made a Reasonable Inquiry into the Facts**

"Under the 1993 revision of Rule 11, both affirmative factual contentions and denials were held to a "well grounded in fact" standard First, it adopted different language for factual contentions and for factual denials. Second, it abandoned the phrase "well grounded in fact" for both categories, adopting instead the language requiring that the factual allegations have "evidentiary support" for contentions and are "warranted on

the evidence" for denials. Third, the amendment required litigants to specifically identify these contentions and denials which require further investigation.[3]

The 1993 rule clarifies that the reasonableness of an investigation must be assessed in light of the circumstances of each case as the rule requires "an inquiry reasonable under the circumstances." *Rule 11(b)." Id.*

"Counsel should also review the relevant documents that are available to his or her client" *See Insurance Benefit Adm'rs Inc. v. Martin* 871 F.2d 1354 (7th Cir 1989). Plaintiff's counsel had a good faith factual basis upon which to file suit. This evidence is reflected Exhibits 3-5 which shows the inaccurate reporting captured by December 13, 2019, Credit Analyzer Report, certified mailings to Experian. The defendants continued inaccurately reporting the plaintiff's credit information as reflected in 02/27/2020 3-1 credit reports from each of the credit reporting agencies. *See Strouse Declaration Exhibits 3-5.*

"We hold that a complaint based on reasonable inquiry should not be found to be factually frivolous unless some clear authority or a litigat's own clear admission erases the factual underpinning from some essential element of the litigant's pleading." *Milwaukee Concrete Studios v. Fjeld Mfg. Co. 8 F. 3rd 441, 450*

3. **The Defendants Were Given Fair Notice**

In *20-C-0837* Judge Adelman held that Plaintiff's Complaint gave the Defendant(s) Fair Notice. The same language was also used in the Plaintiff's Amended Complaint, with additional facts.

---

[3] Sanctions Under Rule 11, Jenner and Block Practice Series at 34

"According to Credit One, the complaint contains only conclusory allegations that do not give rise to a plausible claim under the standards articulated in *Bell Atlantic Corp. v. Twoombly* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal* 556 U.S. 662 (2009). However, the allegations I described above while brief, contain the necessary factual allegations to make out a plausible claim. The plaintiff identifies the Credit One account in dispute, alleges that she initiated a dispute with the credit reporting agencies, alleges that the agencies notified Credit One of the dispute, and alleges that Credit One failed to conduct the required investigation within 30 days either intentionally or because of carelessness. These are specific factual allegations rather than legal conclusions. Moreover, if they are true, Credit One will be liable. Thus, the complaint states a claim for relief."

*9/29/2020 Decision and Order by Judge Lynn Adelman; Veonquanette Allen v. Portfolio Recovery Associates 20-C-0837* (*See Strouse Decl. @ and Ex. 1-2*)

### 4. This Court Should Find that Plaintiff's Second Amended Complaint was not Frivolous

"National's claims in the district court are colorable enough to avoid sanctions for frivolity. Although all of National's arguments are losers, they do not rise to the level of groundlessness required for Rule 11 sanctions." *National Wrecking Co. v. Int's Brotherhood of Teamsters, Local 731 990 F.2d 957,963*

Here, the Plaintiff's counsel did filed duplicitous FCRA Complaints, and they were before different judges at the Eastern District of Wisconsin. As noted above, Judge Adelman upheld a duplicitous complaint as having standing on less facts plead, *See Veonquanette Allen v. Portfolio Recovery Associates 20-C-0837*. Given that earlier precedent, Plaintiff's counsel proceeded to amend the complaint in this case by pleading mote facts than in *20-C-0837*. Plaintiff's counsel reasonably relied in good faith on existing precedent within the Eastern District that it had sufficient standing and did add specific facts into the Amended Complaint as support *See See Plaintiff's Amended Complaint at 25*

*A - C.* Later, this Court held that Plaintiff has no Article III standing for a 1681n case since under *Spokeo* 1681n addresses only statutory violations.

"The court is concerned Rule 11 sanctions in this case may only serve to chill zealous lawyering. Merely because plaintiff's case proved to weak, plaintiffs' counsel should not be reprimanded for trying to protect their clients' interests. The court will not impose sanctions on a party merely for losing its case on the pleadings." *Harlyn Sales Corp. v. Kemper Financial Services* 9 F.3rd 1263, 1267.

Here the Plaintiff's counsel did plead facts which were colorable enough to avoid sanctions.

"we emphasized that Rule 11 should not be used to deter lawyers from challenging the law even if the arguments for change were not likely to be successful…In order to determine whether the complaint is an effort to change law rather than a refusal to acknowledge adverse precedent, a court must examine later arguments by counsel in support of the complaint. " *Smith v. National Healthcare Services of Peoria* 934 F. 2d 95, 97 (7th Cir. 1991).

5. **Plaintiff Did Argue in Good Faith for Art III Standing Using 7th Circuit Cases in Analyzing Spokeo**

"The Supreme Court has clarified that an argument is not frivolous, even though "foreclosed by circuit precedent" where the issue has "divided the District Courts and its answer is not so clear as to make the position frivolous". *McKnight v. Gen Motors Corp.* 511 U.S. 659, 660 (1994)

As argued above, the Plaintiff's counsel was working under the presumption that it had Article III standing based on the decision in *20-C-0837* by Judge Adelman. This decision came well before this Court ordered briefing to be conducted on Article III standing.

The *Spokeo* case concerned itself with the inaccurate reporting of Robbins zip code. In *Spokeo* the Supreme Court held that Robins could not prevail on the basis of a "bare procedural violation." *Spokeo at 1550*. The Court went on to say that "not all inaccuracies cause harm or present any material risk of harm" and gave the example of an inaccurate zip code to illustrate a harmless privacy dissemination of an incorrect zip code, without more, was not concrete harm *Id.* The Seventh Circuit reached a similar conclusion in *Meyers v. Nicolet Restaurant of De Pere, LLC* 843 F. 3rd 724, where the court heard allegations under the Fair and Accurate Transactions Act (FACTA). In *Meyers* the Plaintiff received a receipt after dining at the defendant-restaurant that did not have the credit card expiration date properly truncated as required by law *Id at 725*. The Seventh Circuit reviewed the claims in light of the Court's holding in *Spokeo*, stated that the inclusion of the full expiration led to no "appreciable risk of harm" and concluded that Meyer's alleged injuries were insufficient to raise standing *Id. At 727*. The Supreme Court later clarified when a "no harm" injury could meet the standing requirement holding that, injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing *Lujan v. Defenders of Wildlife* 504 U.S. 555, 560—61. The Court went on to clarify that [statutory] broadening [of] the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered

an injury." *Id. At 578*. Here, under 1681n the Plaintiff also suffered a statutory intangible harm, which has redressability by a federal court.

With regard to the *Spokeo* progeny, The Seventh Circuit also borrowed from *Braitberg v. Charter Comm Inc. 846 F. 3rd 909* (2017) and its own precedent in denying *Meyers* in denying standing for a putative class action that also alleged CCPA violations in *Gubala v. Time Warner Cable, Inc.* 846 F. 3rd 909. Despite denying standing, the court, as in *Braitberg,* went out of its way to say that, "violations of rights of privacy are actionable," even if the plaintiff in this particular case could go no further *Id. 912*. The Plaintiff in *Gubala* had not alleged that Time Warner had, "ever given away or leaked or lost any of his personal information or intends to give it away or is at risk of having the information stolen from it." *Id. At 910*. Here the Plaintiff argued unsuccessfully that Plaintiff's "no harm" injury could meet the standing requirement holding that, injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing *Lujan v. Defenders of Wildlife* 504 U.S. 555, 560—61. The "leaking" of private information in *Gubala* should be held to be synonymous to inaccurate credit reporting by the Defendants. Again, Here, under 1681n the Plaintiff also suffered a statutory intangible harm, which has redressability by a federal court.

**6.     The Court Should Not Award Sanctions Under Rule 11(c)(1)(B)**

"On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."

11

Here, the prospect of Rule 11 sanctions was raised by the Court. No other litigant has filed a separate motion for sanctions under the *21 day Safe Harbor Rule.*"The most important effect of the "safe harbor" provision is to give parties opposing sanctions 21 days in which to correct or withdraw challenged pleadings. Under the 1993 rule, a separate Rule 11 motion must be filed and it must describe the specific conduct alleged to have violated the rule…The Rule 11 motion may not simply be included as a prayer for relief in another motion. In addition, the separate Rule 11 motion must be served on the opposing party well before it is filed in court.[4]

Here the Plaintiff was not in a position to withdraw the offending amended Complaint. While it is true that Plaintiff's counsel did not refer to the cases regarding Article III standing, it did make an argument using 7th Circuit cases in an attempt to argue *Spokeo* and its remand to the 9th Circuit. Furthermore, Plaintiff's counsel had won a previous decision before Judge Adelman, which held that the Plaintiff's complaint, duplicitous of the Plaintiff's Second Amended Complaint did have standing, even though it contained less facts. The Plaintiff's counsel did conduct a reasonable investigation, as argued above. The Plaintiff did specifically set out each individual furnisher of information and stated in the investigation letters "I challenge the accuracy, compliance and reportability of this listing." The defendant's accounts were set out in the Plaintiff's certified mailings.

---

[4] Sanctions Under Rule 11, Jenner and Block Practice Series at 93

**7.     The Use of Duplicitous Lawsuits was not Frivolous**

FCRA lawsuits under 1681n will be duplicitous, just as any lawsuit in collections would be.  Typically, very little information changes.  While this Court ultimately did hold that the Plaintiff does not have Article III standing for statutory damages, *Judge Adelman* ruled in *20-C-0837* that a Plaintiff did have standing in a duplicitous suit.  The lawsuits were aimed at correcting the Plaintiff's credit report.  1681n does provide a Plaintiff a cause of action, if they comply with 1681-s.  This Court has ruled that Plaintiff has no Article III standing under the *Spokeo* decision.  What was different in the duplicitous lawsuits was that the Plaintiff claimed different inaccurate reporting, on different dates and brought suit after following 1681-s.  The fact that the Plaintiff's counsel brought duplicitous lawsuits is not sanctionable in and of itself.

"Mr. Salovaara has moved to dismiss this action as a sanction pursuant to Rule 11, Fed.R.Civ.P based on the claim that Jackson has repeatedly filed duplicative lawsuits against the defendants for the improper purpose of harassing them. While it is clear that Jackson has filed several actions against the defendants, I cannot conclude that this, in and of itself, demonstrates an improper purpose." *Jackson Nat. Life Ins. V. Greycliff* 226 BR 407, 421 (E.D. Wisc. 1998).

**8.     If the Court Does Award Sanctions it Should Award the Least Severe Penalty**

"It is important for federal courts, district and appellate, to keep in mind the serious consequences that can flow from an award of sanctions against an attorney…While the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution.  Even where, as here, the monetary penalty is low, a Rule 11 violation carries intangible costs for the punished lawyer or firm." *Harlyn Sales Corp. v. Kemper Financial Services, Inc.* 9 F.3rd 1263, 1269

13

As argued above, Plaintiff's Counsel reasonably relied on Judge Adelman's decision in *20-C-0837* that it had standing, had reasonable evidence to proceed under 1681n and in good faith had amended the Second Amended Complaint to include the facts related to inaccurate credit information being reported by the Defendants.

"For a variety of reasons, including consistency of result, it is an entirely proper practice for district court judges to give deference to persuasive opinions by their colleagues on the same court." *TMF Tool Inc. v. Muller* 913 F.2d 1185, 1191 (7th Cir. 1990).

"In *Szabo* Judge Easterbrook also pointed out that Rule 11 does not require "scholarly exposition or exhaustive research." *Thompson v. Duke* 940 F.2d 192, 195 (7th Cir. 1991).

Here the Plaintiff's counsel were mistaken as to the law does not mean that the mistake was unreasonable, given the earlier decision by Judge Adelman. Rule 11 does not make the signature on the pleading or other covered document an absolute guarantee as to the correctness of the theory of law on which it is grounded, but only that "reasonable inquiry: has been made in that respect. Moreover Rule 11 allows for "a good faith argument for the extension, modification, or reversal of existing law." As argued above, Plaintiff's counsel did make a reasonable inquiry into the law, conducted a reasonable investigation and later made a good faith argument for the extension, modification, or reversal of existing law.

"An award of fees to a successful defendant may be denied if the plaintiff's position was both "substantially justified" – meaning more than non-frivolous, but something less than meritorious." *Sense v. Chicago Area I.B. Pension Fund* 237 F. 3rd 819, 826 (7th Cir. 2001.

## Conclusion

The Plaintiff's counsel pray that this Court not impose monetary sanctions, or in the alternative impose the lease severe penalty.

Dated this __12th__ of __April__ 2021
Attorneys for Plaintiff,

_____/s/ Paul A. Strouse_____
Paul Strouse- *Attorney at Law*
SBN: 1017891
Thomas Napierala-*Attorney at Law*
SBN: 1011811

Prepared By:

The Law Offices of Paul Strouse
825 W. Wisconsin Ave.
Milwaukee WI 53233
(414) 390-0820